## Ex parte PROUT.

### In re REZENDES et al.

(District Court, D. Massachusetts. June 26, 1916.)

No. 1468.

1. HABEAS CORPUS ⟨⟩92(1)—PROCEEDINGS FOR DEPORTATION—REVIEW.

An order of exclusion and deportation unsupported by any evidence is invalid. Hence the question whether there was any evidence before the immigration tribunal in support of its findings may be raised in habeas corpus proceedings.

2. ALIENS ⟨⟩50—EXCLUSION OF IMMIGRANTS—CONTRACT LABORERS—"OFFERS OR PROMISES OF EMPLOYMENT."

"Offers or promises of employment," to come within the contract labor clause of Immigration Act Feb. 20, 1907, § 2, as amended by Act March 26, 1910 (Comp. St. 1916, § 4244), must be made by or with the authority of the proposed employer, and a mere assurance or promise in general terms of employment after reaching this country, made to an alien by a foreign steamship agent, is not ground for exclusion.

3. ALIENS ⟨⟩50—EXCLUSION OF IMMIGRANTS—CONTRACT LABORERS.

Nine Portuguese laborers, not shown to have acted in concert, bound to a point in this country where they were assured by steamship agents that they could find employment, but having no knowledge by whom or for what they would be employed, *held* not subject to exclusion as contract laborers.

Petition by William C. Prout for writ of habeas corpus on behalf of Francisco Rezendes and others. Writ granted.

William C. Prout, of Boston, Mass., pro se.
The United States Attorney, opposed.

MORTON, District Judge. This is a petition for habeas corpus brought against the Commissioner of Immigration for the District of New England to obtain the discharge of nine Portuguese immigrants who have been excluded and are now held at Boston for deportation. The case was heard as a single proceeding upon the petition, the answer, and the record of the proceedings and evidence before the immigration tribunals.

The provisions of law under which the exclusion was ordered (Act Feb. 20, 1907, c. 1134, § 2, 34 Stat. 898, as amended by Act March 26, 1910, c. 128, 36 Stat. 263 [Comp. St. 1916, § 4244]), are those relating to contract laborers, and are as follows:

"Sec. 2. That the following classes of aliens shall be excluded from admission into the United States: * * * Persons hereinafter called contract laborers, who have been induced or solicited to migrate to this country by offers or promises of employment or in consequence of agreements, oral, written or printed, express or implied, to perform labor in this country of any kind, skilled or unskilled."

The cases of these aliens were grouped and heard together by the immigration authorities. Act, § 13 (Comp. St. 1916, § 4260); Rule 2, subd. 2. I shall treat them in the same way.

The majority of the Board of Special Inquiry found that each alien had "been induced or solicited to migrate to this country by offers or

promises of employment" (Decision of Board), and on that ground alone excluded them. This decision was affirmed by the Secretary of Labor. The dissenting member of the Board of Special Inquiry was of the opinion that such finding was not warranted by the evidence.

The petitioners admit that a full hearing was accorded them by the immigration authorities, and that they were given an opportunity to present such evidence as they had to offer. Their principal contention is that, as a matter of law, the decision against them was wholly unsupported by evidence and is unreasonable and unfair.

[1] An order of exclusion and deportation unsupported by any evidence is invalid, and the question whether there was any evidence before the immigration tribunal in support of its findings may be raised on habeas corpus proceedings. Whitfield v. Hanges, 222 Fed. 745, 138 C. C. A. 199 (C. C. A. 8th Circuit); U. S. ex rel. Cline v. Williams, 189 Fed. 915 (C. C. D. Ct. N. Y.). It is therefore necessary to consider whether there was any evidence before the Board of Special Inquiry upon which the majority finding above referred to could reasonably be made.

With the possible exception of Joao Souza, whose case was not, however, differentiated from the others by the immigration authorities, there was no direct evidence against any of the petitioners. All the cases were dealt with together and disposed of by general findings of inducement and solicitation to migrate, based in the opinion of the board, as appears from its decision, on circumstantial evidence.

[2]. It seems clear that "offers or promises of employment," in order to come within the statute, must be made by, or with the authority of, the person proposing to furnish the employment. A mere assurance or promise, in general terms, of employment after reaching this country, made to an alien by a foreign steamship or transportation agent, is not ground for exclusion.

[3] These nine aliens did not come from the same place in Portugal; they lived at five different places there. Those places were not, as I understand, very far apart; but there is no evidence that the immigrants were acquainted with each other, or acted in concert in coming to this country. Not more than two or three dealt with the same steamship agent for their passages. Some of them appear to be traveling alone, and there are groups of two or three together. They are all destined ultimately to Palmerton, Pa., where a large number of their countrymen reside. They follow different occupations, but are mostly laborers. They expect to go to work immediately; but with a few exceptions they have, so far as the evidence shows, no job in mind, and do not know what they will find to do. There is not a scintilla of evidence that any employer of labor in Palmerton had anything to do with their coming there. I am unable to discover any substantial evidence that the nine are in any way acting in concert or conspiracy in endeavoring to obtain admittance into this country, or that there is any combination or conspiracy for that purpose between the several groups. I have carefully considered the evidence in its relation to the individual aliens. The answers made by Joao Souza, which are specially relied on in support of the finding against him, must be considered in

connection with the rest of his testimony; and it must be borne in mind that he was testifying through an interpreter.

In no case does the evidence, in my opinion, show an offer or promise of employment by, or on behalf of, any person proposing to employ the alien here, or reasonably support the conclusion of the board that the alien was "induced or solicited to migrate to this country by offers or promises of employment." As my decision is based upon a lack of evidence, it is unnecessary to state in detail the special facts as to each applicant.

Upon the cases as a whole, the conclusion reached by the dissenting member of the Board of Special Inquiry seems to me to have been, not merely the right one, but the only one which could fairly be made upon the evidence.

The order will be that the writ issue.